**FILED**

**MARCH 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1716**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RICARDO GAYTAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SAXON MORTGAGE SERVICES, INC.; | ) |
| GMAC MORTGAGE, LLC; | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS, INC., and | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE ASHMAN**

**J. N.**
**JURY DEMANDED**

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Ricardo Gaytan brings this action to rescind two  mortgages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3.    Plaintiff Ricardo Gaytan owns and resides in a two-flat home at 3724 S. Honore, Chicago, IL 60609.  The other residents of the home are members of his family.

4.    Defendant Saxon Mortgage Services, Inc., is a foreign corporation which does business in Illinois.   Its registered agent and office are Illinois Corporation Services Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

5.    Defendant Saxon Mortgage Services, Inc.  is engaged in the business of

1

originating and purchasing mortgage loans.

6.    Defendant GMAC Mortgage, LLC, formerly GMAC Mortgage Corp., is a foreign entity which does business in Illinois.   Its registered agent and office are Illinois Corporation Services Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

7.    Defendant GMAC Mortgage, LLC  is engaged in the business of originating and purchasing mortgage loans.

8.    Defendant Mortgage Electronic Registration Systems, Inc. ("MERS")  is a corporation with its principal offices at 1595 Spring Hill Rd., Suite 310, Vienna, Virginia 22182. It does business in Indiana.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.  It is engaged in the business of holding title to mortgages.

9.    Does 1-10 are beneficial owners of the notes and mortgages on plaintiff's property, further described below.

<u>FACTS RELATING TO PLAINTIFF</u>

10.    Prior to Nov. 16, 2006, plaintiff applied for a mortgage loan through a broker with New Century Mortgage Corporation, One Pierce Place, Suite 1200W, Itasca, IL 60143, now bankrupt.

11.    Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

12.    New Century determined to make two loans, one for $252,200 and one for $63,800.  Both were secured by plaintiff's home.   Both were closed with New Century on Nov. 16, 2006.

13.    <u>Exhibit A</u> is the Truth in Lending statement for the larger loan.

14.    <u>Exhibit B</u> is the Truth in Lending statement for the smaller loan.

15.    Each mortgage was in favor of MERS.

16.    Plaintiff was notified to make payments on the larger loan to GMAC

2

Mortgage Corp., now GMAC Mortgage, LLC.

17.    Plaintiff was notified to make payments on the smaller loan to Saxon.

18.    On information and belief, the larger loan is beneficially owned by
GMAC

Mortgage, LLC.

19.    In any event, GMAC Mortgage, LLC claims rights under the larger note
and mortgage, namely, the right to receive payments under it.

20.    In the event the larger loan is not beneficially owned by GMAC
Mortgage,

LLC, the owners are named as Does 1-5.

21.    On information and belief, the smaller loan is beneficially owned by
Saxon.

22.    In any event, Saxon claims rights under the smaller note and mortgage,
namely, the right to receive payments under it.

23.    In the event the larger loan is not beneficially owned by Saxon, the owners
are named as Does 6-10.

## COUNT I – RESCISSION

24.    Plaintiff incorporates paragraphs 1-23.

25.    This claim is against all defendants.

## RIGHT TO RESCIND

26.    Because the two loans were secured by plaintiff's home, and were not
entered into for purposes of the initial acquisition or construction of that home, each was subject
to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23
provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be
retained or acquired in a consumer's principal dwelling, each**

3

consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

4

## GROUNDS FOR RESCISSION

27.    In connection with the loans, New Century failed to provide the required financial disclosures, in violation of 15 U.S.C. §1637 and 12 C.F.R. §226.18, in that the payment schedule was not properly disclosed.

28.    Notice of rescission has been given to defendants.

29.    Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

30.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.    A judgment voiding plaintiff's mortgages, capable of recordation in the public records, and binding on defendants;

b.    If appropriate, statutory damages for failure to rescind;

c.    Attorney's fees, litigation expenses and costs.

d.    Such other or further relief as the Court deems appropriate.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

# EXHIBIT A

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### For use with Adjustable Rate Mortgage Loans

**N NEW CENTURY**
**MORTGAGE CORPORATION**

Date: November 16 , 2006     Loan#: 1010732004

Borrower(s): RICARDO GAYTAN

Property Location: 3724 S Honore Street

Chicago, IL  60609

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 10.977% | $ 799,810.24 | $ 248,122.65 | $ 1,047,932.89 |

[ ] Preliminary          [ ] Rediscloure          [X] Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 24 | $   1,721.99 | 01/01/07 |
| 6 | $   2,104.65 | 01/01/09 |
| 6 | $   2,401.38 | 07/01/09 |
| 323 | $   2,481.45 | 01/01/10 |
| 1 | $ 178,060.60 | 12/01/36 |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

[ ] This obligation has a demand feature.

**This is a variable-rate Loan. Disclosures were provided to you earlier.**

Filing Fees $ 175.00          Non-Filing Insurance $ N/A

**Security:** You are giving a security interest in the property located at

[X] 3724 S Honore Street, Chicago, IL  60609

**Late Charge:** If payment is 15  days late, you will be charged  5.000% of the payment.

**Prepayment:** If you pay off early, you

[X] may   [ ] will not   have to pay a penalty.
[ ] may   [X] will not   be entitled to a refund of part of the finance charge.

**Assumption:** Someone buying your home

[X] cannot assume the remainder of the mortgage on the original terms.
[ ] may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
**e means an estimate**

**PROPERTY INSURANCE:** [X] Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of     N/A          for a
N/A      year term.

I/We hereby acknowledge receipt of this disclosure.

_Ricardo Gaytan_     11/16/06
RICARDO GAYTAN          Date                                    Date

_____     _____
Date                                    Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

NCMC
Truth in Lending - ARM
RE-274  (052402)                    Page I of 2                    1010732004

# EXHIBIT B

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
For use with Fixed-Rate, GPM, Balloon Mortgage Loans

**NEW CENTURY** MORTGAGE CORPORATION

Date: November 16 , 2006          Loan#: 1010731504

Borrowers: RICARDO GAYTAN

Property Location: 3724 S Honore Street, Chicago, IL  60609

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 12.149% | $ 174,097.68 | $ 63,011.10 | $ 237,108.78 |

[ ] Preliminary          [ ] Redisclosure          [X] Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due |
|---|---|---|
| 359 | $  658.72 | 01/01/07 |
| 1 | $  628.30 | 12/01/36 |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

[ ] This obligation has a demand feature.          Filing Fees $ 50.00

Security: You are giving a security interest in          Non-Filing Insurance $ N/A

[X] the property being purchased.

[X] 3724 S Honore Street, Chicago, IL  60609

Late Charge: If payment is 15 days late, you will be charged 5.000% of the payment.

Prepayment: If you pay off early, you

[ ] may  [X] will not     have to pay a penalty.
[ ] may  [X] will not     be entitled to a refund of part of the finance charge.

Assumption: Someone buying your home

[X] cannot assume the remainder of the mortgage on the original terms.
[ ] may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
e means an estimate

PROPERTY INSURANCE: [X] Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A         for a N/A         year term.

I/We hereby acknowledge receipt of this disclosure.

_Ricardo Gaytan_          _11/16/06_
RICARDO GAYTAN          Date                                        Date

_____          _____
Date                                        Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

NCMC
Truth in Lending - Fixed
RE-275   (052402)

1010731504